**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**MELVIN GRAYER #08710**                                                      **PETITIONER**

**VERSUS**                                           **CIVIL ACTION NO. 1:17-cv-260-HSO-MTP**

**TROY PETERSON**                                                             **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Melvin Grayer's Petition for *Writ of Habeas Corpus* [1] and Respondent's Motion to Dismiss Petition [15].   After careful consideration of the pleadings and the law, the undersigned recommends that the Petition be dismissed as moot.

Petitioner filed his Petition pursuant to 28 U.S.C. § 2241 claiming that he was indicted on two charges on February 8, 2016 but never brought to trial.[1]  Petitioner asserts that the delay in prosecution has prejudiced him, his right to a speedy trial has been violated, and the two pending charges against him in Harrison County, Mississippi should be dismissed.  Amend. Pet. [6] at 9-11.

After the Petition was filed, Respondent moved to dismiss the action.  Mot. [15]. Respondent stated that while Petitioner did have two pending charges, the District Attorney voluntarily "passed the charges to the file" and would therefore not be pursuing a prosecution of

---

[1] Petition [1] was filed on September 20, 2017 and then later amended on October 24, 2017. *See* [6] Amended Petition.  Petitioner was brought to trial on one charge, convicted in January 2018, and sentenced to serve fourteen years in prison.  Mot. [15-2] at 2.  Both Petitioner and Respondent have continued to amend and supplement their pleadings as Petitioner's status changed.

those two charges[2] at this time.  Resp. [22] at 3.  In light of Petitioner's advanced age and recent

conviction, the District Attorney elected to pass the two pending indictments to the file.  *Id.*

On October 23, 2018 this Court ordered Respondent to supplement the record with the

docket of the Circuit Court of Harrison County, Mississippi for the two charges at issue, any

motions for a speedy trial filed by Petitioner in state court, and any orders addressing any such

motions.  Order [27].   Respondent filed the supplemental state court record [28] on November

27, 2018 and Petitioner responded [29] to the Order [27] on December 7, 2018.  On December

12, 2018, Respondent filed his Reply [30] again asserting that the Petition should be dismissed as

moot, but on different grounds as previously asserted.

Attached to the Reply are two orders of dismissal for the charges at issue in the Petition.

*See* Reply [30-1] at 1-2.  The record now reflects that Cause Nos. B2401-16-103 and B2401-16-

783 in the Circuit Court of Harrison County have been dismissed by the District Attorney.  *Id.*

As the charges have been dismissed, Petitioner's request for a speedy trial regarding the above-

styled charges no longer presents an Article III case or controversy.  *See Chadman v. Fowler*,

2018 WL 4051868 (N.D. Tex. Aug. 24, 2018) (dismissing *habeas corpus* petition as moot after

petitioner's speedy trial claim was resolved by a conviction).  Because there is no case or

controversy, the Petition is moot.  *See Adair v. Dretke*, 150 Fed. App'x 329 (5th Cir. 2005).

### RECOMMENDATION

The undersigned recommends that the Petition be dismissed as moot and Respondent's

Motion to Dismiss Petition [15] be denied as moot.[3]

---

[2] The indictments in the Harrison County Circuit Court are Cause Nos. B2401-16-103 and
B2401-16-783, which include several felony charges.  Resp. [22] at 1.

[3] Respondent's Motion to Dismiss [15] and subsequent filings raise several arguments for
dismissal, including mootness because the charges were "passed to the files."

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 13th day of December, 2018.

/s/ Michael T. Parker
United States Magistrate Judge